UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE KELLY FAMILY
TRUST,

        Plaintiff,   Case No. 25-
v.   Hon.

ANALOG GOLD, INC., a Delaware
corporation,

        Defendant.

---

***AsherKelly, PLLC***
David J. Selwocki (P51375)
Derek S. Peterson (P85625)
Attorney for Plaintiff
25800 Northwestern Highway, Suite 1100
Southfield, MI 48075
(248) 746-2759
dselwocki@asherkellylaw.com
dpeterson@asherkellylaw.com

---

# COMPLAINT

*NOW COMES* the above-named Plaintiff, by and through its attorneys, AsherKelly, PLLC, and for its Complaint against Defendant Analog Gold, Inc., states as follows:

## PARTIES

1. Plaintiff TRUSTEES OF THE KELLY FAMILY TRUST (Plaintiff) are Trustees of a revocable Trust with a principal address in the City of Birmingham, Oakland County, Michigan.

2. Defendant ANALOG GOLD, INC. (Defendant), is a Delaware corporation with its principal offices in the State of Delaware.

3. The amount in controversy is in excess of $75,000, exclusive of interest, attorney fees and costs.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1332(a), this Honorable Court has jurisdiction over this case based on diversity of citizenship.

5. Pursuant to 28 U.S.C. § 1391, venue is appropriate in the Eastern District of Michigan, Southern Division.

6. This Honorable Court has personal jurisdiction over Defendant as there is a sufficient connection between this action and Defendant's contacts within the Southern Division of the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 6 of this Complaint.

8. On or about March 21, 2022, Plaintiff invested the principal sum of $75,000.00 (Principal) in a mining venture, financed by Defendant, consisting of a gold mining operation in Mexico.

9. In exchange for this investment, Defendant issued a promissory note. (**Exhibit 1**, Promissory Note).

10. The Promissory Note reached maturity, at the option of the Plaintiff, the earlier of April 21, 2023, or December 31, 2023. (**Exhibit 1**).

11. The Promissory Note provided that upon maturity Plaintiff would receive payment of the principal and interest at 8.33% annually, plus an additional amount determined using one of following three methods (or a combination of the three): (a) payment in gold bullion at the rate of one ounce per $1,500 of initial investment (which is 50 ounces of gold), (b) payment of a "gold premium" based on the per ounce price of gold as published by Monex Precious Metals as of the maturity date over the amount payable in (a) (in other words, 50 multiplied by (the published price of gold per ounce minus $1,500)), or (c) conversion of common stock in Defendant at $0.35 per share. (**Exhibit 1**).

12. The Promissory Note was executed by Jim Culver, co-founder of Defendant Analog, on March 21, 2022, and delivered to Plaintiff via email on March 21, 2022.

13. On October 6, 2023, five months after the Promissory Note's earliest maturity date, Plaintiff requested to call in the Promissory Note.

14. On November 8, 2023, Peter Voldness, who was then CEO of Defendant, in writing represented to Plaintiff that under the terms of the Promissory Note, Plaintiff was entitled to $108,012.50, representing principal, interest, and the gold premium.

15. From October 6, 2023, to present, Plaintiff made repeated requests for payment on the Promissory Note.

16. Defendant made repeated representations that although cash flow issues prevented immediate payment, Plaintiff would have payment in short order.

17. After numerous requests, on July 25, 2024, Defendant represented that payment would be received by September 15, 2024.

18. On October 21, 2024, Plaintiff issued a final demand letter to Defendant requesting payment of the Promissory Note in full, plus interest and the additional gold premium.

19. To date, Defendant has never provided the requested funds due to Plaintiff after the Promissory Note was called.

20. As of July 12, 2025, the amount due and owing to Plaintiff under the Promissory Note is $190,070. This represents the $75,000.00 principal, $22,770 in

accrued interest, and $92,300 gold premium based on the per ounce price of gold as published by Monex Precious Metals as of July 12, 2025.

## COUNT I
## DEFAULT OF PROMISSORY NOTE

21. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 20 of this Complaint.

22. On or about March 21, 2022, Plaintiff lent $75,000.00 to Defendant. The loan is evidenced by a Promissory Note dated March 21, 2022. (**Exhibit 1**).

23. On or about March 21, 2022, Defendant executed and delivered the Promissory Note to Plaintiff via email.

24. The Promissory Note requires that upon maturity of the note, upon demand Defendant must pay to Plaintiff the principal, plus interest assessed at 8.33% per year, plus a "gold premium," which is 50 times (the published price of gold per ounce minus $1,500). (**Exhibit 1**).

25. Plaintiff has demanded Defendant pay to it the entire amount due under the Promissory Note, plus all interest and costs, but as of the date of this complaint, the Defendant has failed, neglected, and/or refused to pay the amount demanded.

26. Defendant has defaulted on terms of the Promissory Note by failing to pay Plaintiff amounts due.

27. As of July 12, 2025, the amount due and owing to Plaintiff under the promissory note is $190,070. This represents the $75,000.00 principal, $22,770 in

accrued interest, and $92,300 gold premium based on the per ounce price of gold as published by Monex Precious Metals as of July 12, 2025.

WHEREFORE, Plaintiff respectfully requests this Honorable Court order the following relief:

    A. Enter Judgment against the Defendant, Analog Gold, Inc., in the amount of $190,070, plus $17.12 in interest per day after the date of filing of the Complaint;

    B. Award Plaintiff Exemplary Damages including Plaintiff's attorneys' fees and costs; and

    C. Award such other relief as is equitable and just.

## COUNT II
## BREACH OF CONTRACT

28. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 28 of this Complaint.

29. On or about March 21, 2022, Plaintiff lent $75,000.00 to Defendant. The loan is evidenced by a Promissory Note dated March 21, 2022. (**Exhibit 1**).

30. On or about March 21, 2022, Defendant executed and delivered the Promissory Note to Plaintiff via email.

31. The Promissory Note requires that upon maturity of the note, upon demand Defendant must pay to Plaintiff the principal, interest assessed at 8.33% per year, and a "gold premium," which is 50 times (the published price of gold per ounce minus $1,500). (**Exhibit 1**).

32. Plaintiff has demanded Defendant pay to it the entire amount due under the Promissory Note, plus all interest and costs, but as of the date of this complaint, the Defendant has failed, neglected, and/or refused to pay the amount demanded.

33. Plaintiff has performed all of its obligations under the contract.

34. Defendant's failure and refusal to pay Plaintiff amounts owed under the Promissory Note is a material breach of the contract between the Parties.

35. As of July 12, 2025, the amount due and owing to Plaintiff under the promissory note is $190,070. This represents the $75,000.00 principal, $22,770 in accrued interest, and $92,300 gold premium based on the per ounce price of gold as published by Monex Precious Metals as of July 12, 2025.

WHEREFORE, Plaintiff respectfully requests this Honorable Court order the following relief:

    A. Enter Judgment against the Defendant, Analog Gold, Inc., in the amount of $ $190,070, plus $17.12 in interest per day after the date of filing of the Complaint;

    B. Award Plaintiff Exemplary Damages including Plaintiff's attorneys' fees and costs; and

    C. Award such other relief as is equitable and just.

## COUNT III
## UNJUST ENRICHMENT/QUANTUM MERUIT

36. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 35 of this Complaint.

37. On or about October 6, 2023, Plaintiff was entitled to disbursement of its principal and other amounts due under the Promissory Note following maturity of the note. (**Exhibit 1**).

38. Defendant made repeated representations that although cash flow issues prevented immediate payment, Plaintiff would have its payment in short order.

39. Defendant's promise was clear, definite, and unequivocal and was specifically made to induce Plaintiff to not bring a cause of action to collect its principal investment, and other amounts due, for Defendant's benefit.

40. In reliance on this promise and to its substantial detriment, Plaintiff did not pursue collection of its principal investment, and other amounts due, but rather continued to allow Defendant the benefit of retaining its principal investment, and other amounts due.

41. Despite Plaintiff's repeated requests and demands, Defendant has failed, refused and/or neglected to pay Plaintiff $75,000.00, plus interest and premium due.

42. To avoid injustice, this Court must specifically enforce Defendant's promise of repayment to Plaintiff.

43. At the time of making the promise and inducing the action on Plaintiff's part, Defendant could reasonably foresee that its failure to perform pursuant to its promise would cause the damages Plaintiff has suffered.

44. By Defendant's continued retention of Plaintiff's principal investment, plus interest and premium due, Defendant has received a benefit.

45. Defendant's retention of the Plaintiff's principal investment, plus interest and premium due, results in an inequity because it has deprived Plaintiff of the funds that it was entitled to from its investment.

46. As of July 12, 2025, the amount due and owing to Plaintiff under the promissory note is $ $190,070. This represents the $75,000.00 principal, $22,770 in accrued interest, and $92,300 gold premium based on the per ounce price of gold as published by Monex Precious Metals as of July 12, 2025.

WHEREFORE, Plaintiff respectfully requests this Honorable Court order the following relief:

A. Enter Judgment against the Defendant, Analog Gold, Inc., in the amount of $ $190,070, plus $17.12 in interest per day after the date of filing of the Complaint;

B. Award Plaintiff Exemplary Damages including Plaintiff's attorneys' fees and costs; and

C. Award such other relief as is equitable and just.

## COUNT IV
## CONVERSION

47. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 of this Complaint.

48. On or about March 21, 2022, Plaintiff lent $75,000.00 to Defendant. The loan is evidenced by a Promissory Note dated March 21, 2022. (**Exhibit 1**).

49. On or about March 21, 2022, Defendant executed and delivered the Promissory Note to Plaintiff via email.

50. The Promissory Note requires that upon maturity of the note, Defendant on demand pay to Plaintiff the principal, interest assessed at 8.33% per year, and a "gold premium," which is 50 times (the published price of gold per ounce minus $1,500). (**Exhibit 1**).

51. On October 6, 2023, five months after the Promissory Note's earliest maturity date, Plaintiff requested to call in the Promissory Note.

52. Plaintiff has demanded Defendant pay to it the entire amount due under the terms of the Promissory Note, plus all interest and costs, but as of the date of this complaint, the Defendant has failed, neglected, and/or refused to pay the amount demanded.

53. Defendant knowingly assumed control over Plaintiff's principal investment, despite Plaintiff's repeated requests for repayment.

54. Defendant has converted the entire principal investment for its own benefit, interest, and use, despite having direct knowledge that Plaintiff has requested repayment of the $75,000.00 principal investment, plus interest and premium due.

55. As of May 13, 2025, the amount due and owing to Plaintiff under the promissory note is $$190,070. This represents the $75,000.00 principal, $22,770 in accrued interest, and $92,300 gold premium based on the per ounce price of gold as published by Monex Precious Metals as of July 12, 2025.

56. By improperly withholding repayment and continuing to benefit from Plaintiff's principal investment, Defendant has converted and/or caused to be converted for its own benefit, interest, and use $$190,070, which rightfully belongs to Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Honorable Court order the following relief:

A. Enter Judgment against the Defendant, Analog Gold, Inc., in the amount of $ $190,070, plus $17.12 in interest per day after the date of filing of the Complaint;

A. Award treble damages pursuant to MCL § 600.2919a;

B. Award Plaintiff Exemplary Damages including Plaintiff's attorneys' fees and costs; and

C. Award such other relief as is equitable and just.

**AsherKelly, PLLC**

By: /s/ *David J. Selwocki* (P51375)
Attorney for Plaintiff
25800 Northwestern Highway, Suite 1100
Southfield, MI 48075
(248) 746-2759
dselwocki@asherkellylaw.com

Dated: July 24, 2025

4925-7870-0565, v. 3

# EXHIBIT 1



*Gold Note*

$75,000                                                                 March 21, 2022

      **FOR VALUE RECEIVED**, Analog Gold, Inc., a Delaware corporation, ("Analog") promises to pay to *The Kelly Family Trust* (the "Investor") with an address of *236 Chesterfield Avenue, Birmingham, Michigan 48009* the sum of *to be determined by December 31, 2023* Dollars ($*TBD*) on the earlier of December 31, 2023 or, at the option of the Investor thirteen months after the date hereof, together with interest at an annual rate of 8.33%.

      At maturity, the Investor shall have the option to accept payment in the following four methods:

1. Payment by Analog of the principal sum hereof and accrued interest thereon;
2. Delivery to Investor, at Investor's address above, gold bullion at the rate of one ounce of gold for each $1,500 of the principal sum hereof (less the cost of shipment); or
3. Payment by Analog of a cash amount equal to the value of the gold bullion which would have been delivered under method 2 based on the per ounce price published by Monex Precious Metals as of the maturity date of the Gold Note

    or

4. Conversion into common stock of Analog Gold inc @ $0.35 per share.

Investor may elect with respect to methods 2, 3 and 4 to take partial delivery in bullion as contemplated in method 2 with the balance paid under method 3 or method 4 or any combination of methods 2, 3 and 4.

      This Gold Note may not be assigned by Investor without the prior written consent of Analog.

      **IN WITNESS WHEREOF**, this Gold Note has been executed as of the date first written above.

                                  ANALOG GOLD, INC.

                                  By *[signature: James A Culver]*

3644593.v1